[Cite as *Fed. Home Loan Mtge. v. Zuga*, 2013-Ohio-2838.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2012-T-0038** |
| | : | |
| - vs - | : | |
| ELIZABETH ZUGA f.k.a. ELIZABETH BROWN, et al., | : | |
| Defendant-Appellant, | : | |
| TRUMBULL COUNTY TREASURER, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2010 CV 02310.

Judgment: Affirmed.

*David M. Gaunter*, Felty & Lembright Co., L.P.A., 1500 West Third Street, Suite 400, Cleveland, OH 44113 (For Plaintiff-Appellee).

*Bruce M. Broyles*, 5815 Market Street, Suite 2, Youngstown, OH 44512 (For Defendant-Appellant).

*Dennis Watkins*, Trumbull County Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Defendant-Appellee).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Elizabeth Zuga, f.k.a. Elizabeth Brown, appeals the judgment of the Trumbull County Court of Common Pleas granting the motion for summary

judgment filed by appellee, Federal Home Loan Mortgage Corporation. For the following reasons, we affirm the judgment of the trial court.

{¶2} Appellee initiated a foreclosure action against appellant on August 31, 2010. After appellant failed to answer the complaint, appellee filed a motion for default judgment, which was granted by the trial court. A decree of foreclosure was entered in favor of appellee on March 15, 2011.

{¶3} Thereafter, appellant filed a motion for relief from judgment, as well as a motion to stay execution of judgment and cancel the sheriff's sale. The trial court granted appellant's motion for relief from judgment. In its judgment entry, the trial court reasoned that "there may be a meritorious defense, that the Affidavit underlying the Default Judgment in this case may be based on information outside the personal knowledge of the Affiant." Appellant was granted leave to file an answer to appellee's complaint in foreclosure.

{¶4} After appellant filed her answer, appellee moved for summary judgment. Attached to this motion was the affidavit of Kristen Kerrigan, an employee of Home Savings & Loan Company of Youngstown ("Home Savings"). In this affidavit, Kerrigan averred that: (1) she is employed as Assistant Vice President of Home Savings, which is the servicing agent for the Federal Home Loan Mortgage Corporation for the loan account of appellant; (2) in the regular performance of her job duties, she is familiar with business records maintained by Home Savings; (3) she has personally and independently reviewed the relevant records in connection with making the affidavit and has personal knowledge of the records; (4) plaintiff exercised the acceleration option contained in the Promissory Note and Mortgage Deed; and (5) review of the records

2

reveals the copies attached are true and accurate copies of the original instruments. Attached to Kerrigan's affidavit was a copy of the note and mortgage.

**{¶5}** Appellee also attached the affidavit of Brian Blanton, a Collector for Home Savings. Blanton averred that Home Savings exercised the acceleration option in the Promissory Note and Mortgage Deed and that he personally sent the required notice by both regular and certified mail to appellant. This letter, dated February 28, 2009, was attached to Blanton's affidavit.

**{¶6}** After appellee filed its motion for summary judgment, appellant moved for leave to respond in order to conduct the deposition of Kerrigan. Based upon her affidavit and deposition testimony, appellant argued that appellee failed to present evidence that it was the "holder" of the note and, furthermore, that appellee did not comply with the requirements of the promissory note when enforcing the Notice of Acceleration.

**{¶7}** The trial court awarded summary judgment to appellee. A sheriff's sale was scheduled for October 18, 2012. Appellant filed a motion to stay the sheriff's sale. The trial court entered judgment staying execution of the order of sale pending appeal on September 26, 2012.

**{¶8}** This appeal followed. Appellant's assignment of error for our review states:

**{¶9}** "The trial court erred in granting summary judgment to Appellee when there were genuine issues of material fact still in dispute."

**{¶10}** Pursuant to Civil Rule 56(C), summary judgment is proper if:

**{¶11}** (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

**{¶12}** To prevail on a motion for summary judgment, the moving party has the initial burden to affirmatively demonstrate that there is no genuine issue of material fact to be resolved in the case, relying on evidence in the record pursuant to Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Pursuant to Civ.R. 56(C), the evidence to be considered is limited to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action * * *." If this initial burden is met, the nonmoving party then bears the reciprocal burden to set forth specific facts which prove there remains a genuine issue to be litigated, pursuant to Civ.R. 56(E). *Id.*

**{¶13}** An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Thus, the court of appeals applies "the same standard as the trial court, viewing the facts in the case in a light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

**{¶14}** In a foreclosure action, the party moving for summary judgment must present evidentiary-quality material demonstrating: (1) The movant is the holder of the

4

note and mortgage, or is a party entitled to enforce the instrument; (2) if the mover is not the original mortgagee, the chain of assignments and transfers; (3) the mortgage is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *Wachovia Bank v. Jackson*, 5th Dist. No. 2010-CA-00291, 2011-Ohio-3203, ¶40-45.

**{¶15}** To support its motion for summary judgment, appellee attached the affidavit of Kerrigan. Pursuant to Civ.R. 56(E), affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Copies of all papers referred to in the affidavit are acceptable if the affidavit indicated that the copies submitted are true and accurate reproductions of the originals.

**{¶16}** Below and on appeal, appellant argues that appellee is not the holder of the note. Appellee was required to prove that it is the current holder of the note and mortgage in order to establish itself as the real party in interest. *Deutsche Bank Natl. Trust Co. v. Greene*, 6th Dist. No. E-10-006, 2011-Ohio-1976, ¶13. If appellee failed to demonstrate itself as the real party in interest, a genuine issue of material fact remains and summary judgment is precluded.

**{¶17}** The holder of an instrument is a "person entitled to enforce" the instrument under R.C. 1303.31. R.C. 1301.201(B)(21)(a) defines a holder of a negotiable instrument as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an indentified person that is the person in possession."

**{¶18}** Here, appellee established that it was the holder of the note and mortgage prior to the complaint being filed. *See, e.g., Fed. Home Loan Mtge. Corp. v.*

5

*Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017 (holding that standing is required to present a justiciable controversy and is a jurisdictional requirement). Attached to its complaint were copies of the note and mortgage, as well as a copy of the recorded Assignment of Mortgage from Home Savings to appellee, executed July 27, 2009, and recorded three days thereafter. Furthermore, in both her affidavit and deposition, Kerrigan indicated that appellee was the holder of both the mortgage and note. Kerrigan also produced the original note at the deposition for appellant's inspection. *See U.S. Bank, N.A. v. Adams*, 6th Dist. No. E-11-070, 2012-Ohio-6253, ¶18 ("U.S Bank's possession of the note was demonstrated by the attachment of a copy of the note to the complaint and the affidavit, coupled with [an employee's] statements concerning U.S. Bank's possession of the note and mortgage in her affidavit"). After her review of the original "wet ink" note, Kerrigan reaffirmed each and every line of her original affidavit attached to appellee's motion for summary judgment. Therefore, the burden shifted to appellant to demonstrate the existence of a genuine issue of material fact in order to avoid summary judgment.

{¶19} Appellant, however, failed to satisfy her reciprocal *Dresher* burden. To demonstrate that a genuine issue of material fact remained to be litigated, appellant cited to both the deposition and affidavit of Kerrigan. Appellant maintained that Kerrigan never "saw the promissory note in the possession of appellee." The law, however, does not require that Kerrigan actually "see" the note in appellee's possession. Further, appellant argued that when Kerrigan requested the promissory note, it was received from a third party—namely, the Bank of New York Mellon. The deposition of Kerrigan established that the Bank of New York Mellon was merely the custodian, with no

6

interest in the note. This is evidenced by the fact that appellee held possession of both the note and mortgage at the time the complaint was filed. Appellant has failed to provide any evidence to demonstrate that a genuine issue of material fact exists regarding appellee's status as holder of the note.

{¶20} Next, appellant alleges that appellee is not entitled to summary judgment because it failed to provide appellant with Notice of Default pursuant to the terms at paragraph 6(C) of the note, which states:

{¶21} If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

{¶22} Appellant acknowledges that she received notice via letter sent by Home Savings, dated February 28, 2009. Appellee attached a copy of the letter along with the affidavit of Brian Blanton, a collector for Home Savings, averring that Home Savings exercised the acceleration option in the Promissory Note and Mortgage Deed and that he personally sent the required notice by both regular and certified mail to appellant. Appellant maintains, however, that summary judgment was inappropriate because Home Savings is merely the servicing agent of the loan, not the holder, and the letter did not advise her that she is to pay the overdue amount by a certain date. First, we note that the Assignment of Mortgage from Home Savings to appellee was not executed until July 27, 2009. Therefore, it was proper for Home Savings, as the holder of the

7

note and mortgage, to send the Notice of Default letter, dated February 28, 2009. Second, the letter sent to appellant, which was attached to Blanton's affidavit, is in full compliance with paragraph 6(C) stated above. *See*, *e.g.*, *GMAC Mtge., L.L.C. v. Jacobs*, 9th Dist. No. 24984, 2011-Ohio-1780, ¶16-18 (upholding summary judgment award to bank when bank's affidavit provided that "written notice of default was given in accordance with the terms of the note and mortgage"). There are no genuine issues of material fact with regard to whether appellee properly provided appellant with the Notice of Default pursuant to the terms of the note.

{¶23} Therefore, even when viewing the evidence in a light most favorable to appellant, we cannot say the trial court erred in granting appellee's motion for summary judgment. Appellant's assignment of error is without merit.

{¶24} The judgment of the Trumbull County Court of Common Pleas is hereby affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.