[Cite as *CitiMortgage, inc. v. Hijjawi*, 2014-Ohio-2886.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO PRINCIPAL RESIDENTIAL MORTGAGE, INC., | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2013-L-105** |
| - vs - | : | |
| SUSAN M. HIJJAWI, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 11 CF 002676.

Judgment: Affirmed.

*Harry W. Cappel* and *Jeffrey M. Hendricks*, Graydon Head & Ritchey LLP, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, OH 45202-3157 (For Plaintiff-Appellee).

*David N. Patterson*, 33579 Euclid Avenue, Willoughby, OH 44094-3199 (For Defendants-Appellants).

TIMOTHY P. CANNON, P.J.

{¶1} Appellants, Susan M. Hijjawi and Waseem Hijjawi, appeal the September 30, 2013 judgment of the Lake County Court of Common Pleas granting summary judgment and issuing a decree of foreclosure in favor of appellee, CitiMortgage Inc., successor by merger to Principal Residential Mortgage, Inc. For the reasons that follow, we affirm the decision of the trial court.

{¶2} In December 1997, appellants took title to a property at 6363 Clearair Drive, Mentor, Ohio. Appellants signed a promissory note in favor of Real Estate Mortgage Corp. Appellants also granted a mortgage on the property to Real Estate Mortgage Corp. The record reveals that the note was assigned four different times; the note was finally assigned to Principal Residential Mortgage, Inc., which merged into CitiMortgage, Inc. ("CitiMortgage"). On December 24, 1997, the mortgage was assigned from Real Estate Mortgage Corp. to Principal Residential Mortgage. The mortgage was recorded in the Lake County Recorder's Office.

{¶3} Appellee filed a complaint for foreclosure on October 7, 2011, alleging that it is the holder of the note which is secured by a mortgage. Appellee attached both the note and the mortgage to the complaint.

{¶4} Appellee sought summary judgment. In support of its motion, appellee submitted the affidavit of Crystal Berry, Document Control Officer for appellee. The affidavit states she has access to appellee's business records and she has reviewed the records related to appellants' account. Ms. Berry averred that the documents she reviewed and "relied upon for the statements made in the affidavit include but are not limited to the Note, Mortgage and Citimortgage Inc.'s electronic servicing system." The affidavit states that appellee is the holder of the note and mortgage executed by appellants. Further, appellants defaulted under the terms of the note and mortgage, and the loan balance has been accelerated in accordance with the notes of the loan documents. Ms. Berry states that appellants owe the principal sum of $133,406.31, plus interest at 4.6250% per annum from May 1, 2011. Ms. Berry provided a breakdown of the advanced costs.

**{¶5}** Appellants filed a memorandum in opposition to appellee's motion for summary judgment without the support of an affidavit or any other evidentiary material. Appellants, however, argued that appellee failed to establish itself as the holder of the note prior to filing its complaint; that appellee failed to support its motion with sufficient evidence establishing default and the total debt on the loan documents; and that appellee failed to provide appellants with advance notice of its intent to accelerate the loan debt.

**{¶6}** The trial court granted appellee's motion for summary judgment.

**{¶7}** Appellants filed a timely notice of appeal and assert the following assignment of error for our review:

**{¶8}** "Reviewing the Appellee's Motion for Summary Judgment *de novo*, the Record is clear and convincing that the trial court erred to the prejudice of Appellants by granting Appellee's Motion for Summary Judgment in favor of Appellee on the foreclosure Complaint."

**{¶9}** Appellants frame four issues for our review. First, appellants contend the affidavit "was insufficient to warrant summary judgment and should not have been considered by the lower court in analyzing the motion for summary judgment." Second, appellants argue that appellee was not the real party in interest. Third, appellants maintain they were not provided the condition precedent of providing notice of the default and notice of acceleration. Fourth, appellants argue that appellee failed to prove damages.

{¶10} We review a trial court's decision on a motion for summary judgment de novo. *Fed. Home Loan Mortg. Corp. v. Zuga*, 11th Dist. Trumbull No. 2012-T-0038, 2013-Ohio-2838, ¶13. Under Civil Rule 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated;
> (2) the moving party is entitled to judgment as a matter of law; and
> (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Id.* at ¶10-11, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶11} The moving party bears the initial burden to demonstrate from the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, that there is no genuine issue of material fact to be resolved in the case. *Id.* at ¶12. To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce it; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgager is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *Wachovia Bank v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, ¶40-45. With regard to the first requirement, the movant must establish it was the holder or entitled to enforce the note as of the time the complaint was filed. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶3. "If this initial burden is met, the nonmoving party then bears the reciprocal burden to set forth specific facts which prove there remains a genuine issue to be litigated, pursuant to Civ.R. 56(E)." *Zuga, supra,* ¶12.

4

**{¶12}** First, appellants maintain the affidavit of Crystal Berry was "without credibility and should not [have been] considered for summary judgment purposes." Pursuant to Civ.R. 56(E), affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." "Copies of all papers referred to in the affidavit are acceptable if the affidavit indicated that the copies submitted are true and accurate reproductions of the originals." *Zuga, supra*, ¶15.

**{¶13}** In *M & T Bank v. Strawn*, 11th Dist. Trumbull No. 2013-T-0040, 2013-Ohio-5845, this court analyzed whether an affidavit was sufficient to establish the affiant's personal knowledge. In *Strawn*, this court outlined the averments made by the affiant, which included that he had personal knowledge and that the business records were "created at or near the time of the relevant occurrences." *Id.* at ¶20. The affiant also attached copies of the note, mortgage, and demand letter and averred that they were true and accurate. This court did not find error in the trial court's finding that the affiant had personal knowledge. *Id.*

**{¶14}** Similarly, in this case, Ms. Berry averred that she had personal knowledge of the statements made in the affidavit; that she has access to the business records of CitiMortgage; and that she reviewed appellants' records, which were maintained by appellee in the course of its regularly conducted business activities and were made at or near the time of the event. Attached to Ms. Berry's affidavit were what she attested to be true and accurate copies of the note and mortgage, each depicting the chain of assignments to appellee. Consequently, Ms. Berry's affidavit is sufficient for the trial court to have determined that the affiant had personal knowledge.

5

**{¶15}** Under their second issue for review, appellants maintain that appellee did not have standing to bring this action. "Standing is a jurisdictional requirement which must be met before a common pleas court can proceed." *Fed. Home Loan Mortg. Corp. v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, ¶24, citing *Schwartzwald* at ¶22. The mortgage lender must demonstrate an interest in either the mortgage or promissory note to establish standing; this interest must exist at the time the foreclosure complaint was filed in the trial court. *Koch* at ¶24, citing *Schwartzwald* at ¶25-27.

**{¶16}** The note and mortgage, which are in evidence, depicted the assignments to appellee. Further, the assignment to Principal Residential Mortgage, Inc., which merged into CitiMortgage, occurred prior to the filing of the complaint. *See* R.C. 5301.32. The holder of an instrument is a "person entitled to enforce" the instrument under R.C. 1303.31. R.C. 1301.201(B)(21)(a) defines a holder of a negotiable instrument as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." The evidence also established that CitiMortgage was in possession of the note and entitled to enforce it at the time the complaint was filed. *See Citimortage, Inc. v. Patterson,* 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, ¶21 (holder of note has standing to foreclose).

**{¶17}** Under the third issue for review, appellants contend they were not provided proper notice of their default. Appellants' contentions are not supported by the record. In the complaint, appellee made a general allegation that it had complied with all conditions precedent for foreclosure. "Where prior notice of default and/or

6

acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent subject to Civ.R. 9(C)." *First Fin. Bank v. Doellman*, 12th Dist. Butler No. CA2006-02-029, 2007-Ohio-222, ¶20. In this case, appellee, by stating generally that it had complied with all conditions precedent, met the requirements of Civ.R. 9(C). The record also contains a demand letter from CitiMortgage to appellants, dated July 7, 2011. Such letter informed appellants that they were in default, and to "prevent [appellee] from instituting foreclosure proceedings, we must receive $2,371.94, including $46.07 in late charges and $0.00 in delinquency related expenses * * * by 08/04/11." The letter further stated, "[f]ailure to cure the default by 08/04/11, may result in the acceleration of all sums due under the Security Instrument. This means the entire unpaid balance will become due." The letter evidences that appellants were aware of their right to cure the default and the manner in which the default could be cured.

{¶18} Under their fourth issue for review, appellants argue that appellee failed to sufficiently establish entitlement to damages. We do not agree.

{¶19} Appellee submitted the affidavit of Ms. Berry, which averred that appellants defaulted under the terms of the note and mortgage, the loan balance accelerated in accordance with the loan documents, and that appellants owed the principal sum of $133,406.31, plus interest at 4.6250% per annum from May 1, 2011. Additionally, although not required by law, appellee attached an account history establishing the balance owing on the delinquent account. *See Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶40 (stating no requirement for plaintiff to submit a payment history to demonstrate entitlement to summary judgment.)

7

{¶20} As discussed above, CitiMortgage provided all the evidentiary material necessary to satisfy all the foregoing criteria. At this point, the burden shifted to appellants to set forth specific facts demonstrating that a genuine issue of material fact remained to be litigated. Appellants, however, failed to meet its reciprocal burden by submitting evidence that would create a genuine issue of material fact for trial. Therefore, we conclude the trial court did not err in ruling that CitiMortgage was entitled to summary judgment as a matter of law.

{¶21} Appellants' assignment of error is without merit.

{¶22} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is hereby affirmed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.

8