[Cite as *JPMorgan Chase Bank, Natl. Assn. v. Blank*, 2014-Ohio-4135.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | **CASE NO. 2013-A-0060** |
| - vs - | : | |
| LOIS M. BLANK, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2012 CV 560.

Judgment: Reversed and remanded.


*Susana Lykins* and *Bill L. Purtell*, Lerner, Sampson & Rothfuss, 120 East Fourth Street, Suite 800, P.O. Box 5480, Cincinnati, OH 45201-5480 (For Plaintiff-Appellee).

*Bruce M. Broyles*, 5815 Market Street, Suite 2, Youngstown, OH 44512 (For Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Lois M. Blank, appeals the September 9, 2013 judgment of the Ashtabula County Court of Common Pleas granting summary judgment and issuing a decree of foreclosure in favor of appellee, JPMorgan Chase Bank, National Association. For the reasons that follow, we reverse and remand to the trial court.

{¶2} On February 25, 2008, appellant signed a promissory note payable to Chase Bank USA, N.A in the amount of $382,500. The same day, appellant granted a

mortgage in the same amount to Chase Bank USA, N.A. on the property at 3471 Lake Road in Conneaut, Ohio. The mortgage was recorded on February 29, 2008, and was later assigned by Chase Bank USA, N.A. to appellee, which duly recorded the assignment on June 25, 2012.

{¶3} According to appellee, on December 10, 2010, an acceleration warning was mailed, "return service requested," to appellant. The warning informed appellant that she was in default for her failure to make the required monthly payments on her loan, beginning with the payment due August 1, 2009. The warning also indicated the total amount past due and payable.

{¶4} On June 28, 2012, appellee brought a complaint in foreclosure, alleging that appellant was in default under the terms of the note and that she owed the sum of $379,754.18. Attached to the complaint were copies of the note and mortgage. On August 3, 2012, appellant filed her answer, which included five affirmative defenses.

{¶5} On September 12, 2012, appellee filed a motion for summary judgment, arguing that appellant's affirmative defenses were "insufficient to comply with the Civil Rules' requirement of notice pleading." Additionally, appellee's motion asserted that appellant failed to set forth any specific facts that demonstrated a genuine issue of material fact for trial.

{¶6} On January 28, 2012, appellant filed a response to appellee's motion for summary judgment. Attached to appellant's response was an affidavit in which appellant averred that she never received any notice of her default pursuant to the terms of the promissory note and mortgage either by regular mail, certified mail, or personal delivery.

2

{¶7} On March 11, 2013, appellee filed a reply in support of its motion for summary judgment. In its reply, appellee asserted that appellant's affidavit attached to her response was unexecuted and that appellee had not received an executed copy. As a result, appellee argued the trial court could not rely on "[a]ppellant's unexecuted Affidavit" and that summary judgment was proper.

{¶8} On September 9, 2013, the trial court granted appellee's motion for summary judgment. In a separate judgment entry, also dated September 9, 2013, the trial court filed an "entry granting summary judgment and decree in foreclosure and reformation of mortgage."

{¶9} Appellant timely appeals the trial court's granting of summary judgment and decree in foreclosure in favor of appellee. Appellee chose not to file a merit brief.

{¶10} Appellant sets forth one assignment of error, which states:

{¶11} "The trial court erred in granting summary judgment to Appellee when there were genuine issues of material fact still in dispute."

{¶12} Under her sole assignment of error, appellant frames three sub-issues for our review. First, appellant contends that "[a]ppellee failed to fulfill a condition precedent to the acceleration of the debt and the filing of the foreclosure complaint." Second, appellant asserts that "[t]he trial court erred in finding that Appellee had standing to file the foreclosure * * *." Third, appellant argues that the trial court erred in not considering her affidavit, "as it was not a prohibited 'self-serving' affidavit."

{¶13} We review a trial court's decision on a motion for summary judgment de novo. *Fed. Home Loan Mtge. Corp. v. Zuga*, 11th Dist. Trumbull No. 2012-T-0038, 2013-Ohio-2838, ¶13. Under Civ.R. 56(C), summary judgment is proper if:

3

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Id.* at ¶10, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶14} The moving party bears the initial burden to demonstrate from the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, that there is no genuine issue of material fact to be resolved in the case. *Id.* at ¶12. To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce it; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgager is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *Wachovia Bank v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, ¶40-45. "If this initial burden is met, the nonmoving party then bears the reciprocal burden to set forth specific facts which prove there remains a genuine issue to be litigated, pursuant to Civ.R. 56(E)." *Zuga, supra*, at ¶12.

{¶15} Appellant's three sub-issues will be considered out of order. In her second sub-issue presented for review, appellant asserts that summary judgment was improper, as "[t]he trial court erred in finding that appellee had standing to file the foreclosure complaint in light of the undated allonge that was not attached to the complaint and an assignment of mortgage without a transfer of the underlying debt."

4

**{¶16}** A plaintiff in a foreclosure action must have standing at the time it files the complaint in order to properly invoke the jurisdiction of the trial court. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶41-42. "It is an elementary concept of law that a party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." *Id.* at ¶22, quoting *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179 (1973). A party's standing to sue is evaluated at the time of the filing of the complaint. *Id.* at ¶24. Additionally, the lack of standing cannot be cured by a subsequent assignment of the note and mortgage subsequent to filing the complaint. *Id.* at ¶38.

**{¶17}** A plaintiff in a foreclosure case demonstrates standing by having an interest in either the promissory note or mortgage. *Fed. Home Loan Mtge. Corp. v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, ¶24, citing *Fed. Home Loan Mtge. Corp. v. Rufo*, 11th Dist. Ashtabula No. 2012-A-0011, 2012-Ohio-5930, ¶18. The requisite "interest" can be met by demonstrating an assignment of either the note or mortgage. *Rufo* at ¶44. There is no standing to proceed with the foreclosure if the interest did not exist at the time the foreclosure complaint was filed. *Schwartzwald* at ¶25-27.

**{¶18}** The assignment of a mortgage, without an express transfer of the note, is sufficient to transfer both the mortgage and the note if the record indicates the parties' intent to transfer both. *Bank of N.Y. Mellon v. Veccia*, 11th Dist. Trumbull No. 2013-T-0101, 2014-Ohio-2711, ¶20, citing *Bank of New York v. Dobbs*, 5th Dist. Knox No. 2009-CA-000002, 2009-Ohio-474, ¶31. In this case, appellee attached to its complaint

5

the assignment of mortgage which "assign[ed], transfer[red] and set over unto [appellee], * * *, a certain mortgage from [appellant] to Chase Bank USA, N.A." By attaching a copy of the assignment of mortgage to the complaint, appellee demonstrated the requisite standing existed at the time the foreclosure complaint was filed.

{¶19} Appellant argues that because appellee attached to its motion for summary judgment an undated allonge, not previously attached to appellee's complaint, a question of fact was created as to whether appellee had standing when the complaint was filed. Appellant argues that had the allonge existed at the commencement of appellee's action, it would have appeared after the note. We disagree. The fact that the allonge was not attached to the complaint does not require the conclusion that appellee lacked standing.

{¶20} In this case, the record reflects the parties' intent for the note and mortgage to be transferred together. The mortgage states:

> This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's conveyance under the Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property * * *.

The promissory note states:

> In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the 'Security Instrument'), dated the same day as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under the Note.

6

{¶21} The language contained in the note and mortgage demonstrates the clear intent that both be transferred together. *See, e.g.*, *LSF6 Mercury Reo Invs. v. Garrabrant*, 5th Dist. Delaware No. 13-CAE-06-0050, 2014-Ohio-901, ¶18 (the clear intent by the parties to keep the note and mortgage together, rather than transferring the mortgage alone, is demonstrated by the fact that the note refers to the mortgage and the mortgage refers to the note). As a result, appellee sufficiently demonstrated standing to enforce the note and file the foreclosure complaint. Appellant's second sub-issue is without merit.

{¶22} Appellant's first and third sub-issues are considered together, as they both argue that appellee failed to properly notify appellant of conditions precedent to foreclosure. In appellant's first sub-issue, she asserts that summary judgment was improper because "[a]ppellee failed to fulfill a condition precedent to the acceleration of the debt and the filing of the foreclosure complaint." In appellant's third sub-issue, she asserts that summary judgment was improper because "[t]he trial court could consider the affidavit of Lois M. Blank, as it was not a prohibited 'self-serving' affidavit." In summary, appellant argues that (1) appellee mailed the demand letter by way other than first-class mail; (2) she did not receive any notice; and (3) delivery methods other than first-class are not deemed received until actual delivery.

{¶23} "Where prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent subject to Civ.R. 9(C)." *Citimortgage, Inc. v. Hijjawi*, 11th Dist. Lake No. 2013-L-0105, 2014-Ohio-2886, ¶17, quoting *First Fin. Bank v. Doellman*, 12th Dist. Butler No. CA2006-02-029, 2007-Ohio-0222, ¶20. Additionally, a general denial of the

performance of conditions precedent is insufficient to place performance of a condition precedent at issue. *Doellman, supra*, at ¶20.

{¶24} In this case, the mortgage contained language requiring that appellant be given notice before the acceleration of the debt and the filing of a foreclosure complaint. Specifically, the mortgage states:

> Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument * * *. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the note secured by this Security Instrument, foreclosure by judicial proceedings and sale of the Property.

{¶25} The mortgage also specifies how notice is to be given. Specifically, "[a]ny notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means."

{¶26} In support of its motion for summary judgment, appellee offered the affidavit of Richard H. Eubanks, a vice president for appellee. Eubanks' affidavit stated:

> 1. I am authorized to execute this affidavit on behalf of [appellee]. The statements made in this Affidavit are based on my personal knowledge.
>
> * * *
>
> 4. In my capacity as Vice President, I have access to [appellee]'s business records, maintained in the ordinary course of regularly conducted business activity, including the business records for and relating to the Borrower's loan. Their records include the historic records of Chase Home Finance LLC, which merged with [appellee] effective May 1, 2011. I make this affidavit based upon my review of those records relating to the Borrower's loan and from my own

8

personal knowledge of how they are kept and maintained. The loan records for the Borrower are maintained by [appellee] in the course of its regularly conducted business activities and are made at or near the time of the event, by or from information transmitted by a person with knowledge.

5. [Appellee]'s business records that relate to [appellant]'s loan I reviewed and relied upon for the statements made in this affidavit include but are not limited to the Note, Mortgage and [appellee]'s electronic servicing system. True and exact copies of the Note (Exhibit A), Mortgage (Exhibit B), Assignment (Exhibit C) and Demand Letter (Exhibit D) are attached hereto.

{¶27} Appellant filed an affidavit in support of her memorandum in opposition to appellant's motion for summary judgment. Appellant's affidavit stated:

4. At no time prior to [ ] the filing of the complaint for foreclosure did JPMorgan Chase Bank, National Association send a notice of acceleration to pursuant to the terms of the mortgage.

5. I did not receive a notice of default or notice of acceleration, by regular mail or by certified mail at any time prior to the filing of the complaint for foreclosure.

6. No one personally delivered to me a notice of default or notice of acceleration at any time prior to the filing of the complaint for foreclosure.

{¶28} Upon review of the record, we hold that a genuine question of material fact remains as to whether the required notice provisions of the mortgage had been met by appellee. The acceleration warnings attached to Eubanks' affidavit stated that the notices were sent "return service requested." Whether this is first-class mail or some other form of delivery that would produce confirmation of receipt is not clear from the record. Appellee offered no affidavit evidence to support that the notices were sent first-class mail. The mortgage states notice is given upon mailing when using first-class mail, but only upon delivery when sent through other means. Based on this plain

9

language, appellee does not need to prove delivery of the notice only when using first-class mail. Appellant's affidavit declares that notice was not received. If notice was not sent via first-class mail, but rather sent by other means that provides a receipt of service, that receipt should have been provided.

{¶29} In sum, appellee did not present sufficient evidence to indicate how the notice was sent. A question of fact exists as to whether appellee sent the notice via first-class mail or through some other means. Once appellant contested the receipt of notice, appellee could have offered an affidavit stating that notice was sent first-class mail or offered proof of actual delivery if some other method was used. *See*, *CitiMortgage, Inc. v. Loncar*, 7th Dist. Mahoning No. 11 MA 174, 2013-Ohio-2959, ¶28. Furthermore, appellee's affidavit does not declare that the conditions precedent were met prior to the filing of the foreclosure complaint. *See id*.

{¶30} For these reasons, appellant's first and third sub-issues are well taken. The record in this case demonstrates that a question of fact remains as to whether appellee complied with the notice provisions contained in the mortgage. As such, appellant's assignment of error has merit to the extent indicated.

{¶31} For the reasons stated in this opinion, the judgment of the trial court is reversed and remanded to the trial court.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.