[Cite as *Citizens Bank, N.A., v. Duchene*, 2019-Ohio-2972.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| CITIZENS BANK, N.A., f.k.a. RBS CITIZENS, N.A., f.k.a. CITIZENS BANK, N.A., SBMT CHARTER ONE BANK, N.A., et al., | : | **O P I N I O N** |
| | : | |
| | : | **CASE NO. 2018-T-0085** |
| | : | |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| | : | |
| ALAN F. DUCHENE, a.k.a. ALAN DUCHENE, et al., | : | |
| Defendants, | : | |
| (STEVEN DUCHENE, | : | |
| Defendant-Appellant). | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2017 CV 00942.

Judgment: Reversed and remanded.

*Johna M. Bella,* Goranson, Parker & Bella, 405 Madison Avenue, Suite 2200, Toledo, OH 43604 (For Plaintiff-Appellee).

*Bruce M. Broyles,* The Law Offices of Bruce Broyles, 2670 North Columbus Street, Suite L, Lancaster, OH 43130 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}   Appellant, Steven DuChene, appeals the August 6, 2018, judgment of the Trumbull County Court of Common Pleas granting summary judgment in favor of

appellee, Citizens Bank ("Citizens").  For the following reasons, we reverse the decision of the court below and remand for further proceedings.

{¶2}    This appeal stems from an action in foreclosure.  In 2005 and 2006 Alan and Virginia DuChene signed certain subject Notes and Mortgages in favor of Citizens.  Virginia DuChene died in 2009.  Subsequently, Alan DuChene defaulted on the Notes and Mortgages, and in June 2017, Citizens filed the underlying complaint against him.  Alan DuChene filed an answer but died shortly thereafter.  His son, Steven DuChene, the appellant in the case sub judice, was named as a defendant, both in his capacity as the Administrator of his father's estate and individually as an heir who may have an interest in the property.

{¶3}    In June 2018, Citizens moved for summary judgment against Steven DuChene, who filed a memorandum in opposition asserting no notice of acceleration was provided as required by the terms of the Mortgage.  Citizens filed a reply and attached an affidavit showing notice was sent to Alan and Virginia DuChene in Arcadia, Florida.  Steven DuChene filed a sur-reply, specifically asserting that Citizens failed to comply with the notice requirements by sending the notice to an address that was not the Property Address and by not allowing a full 30 days to correct the default as provided by the terms of the Mortgage.  On August 6, 2018, the trial court granted summary judgment against Steven DuChene, finding, "[t]he Notice complies with the terms of the Note and Mortgage. Defendant has failed to illustrate that a genuine issue remains for trial".  On September 11, 2018, the Court entered a Judgment, Foreclosure, Order of Sale in favor of Citizens on all claims and motions.

**{¶4}** Steven DuChene appealed from the August 6, 2018 entry. Citizens filed a motion to dismiss, alleging the appeal was not timely filed and that the August 6, 2018 Judgment was not a final, appealable order. On November 5, 2018, this court denied Citizens' motion, finding the appeal was timely filed pursuant to App.R. 4(C) and that the August 6, 2018 entry was a final, appealable order. Thus, we consider Steven DuChene's appeal on the merits.

**{¶5}** Steven DuChene sets forth one assignment of error for our review:

**{¶6}** "The trial court erred in granting summary judgment to Appellee when there were genuine issues of material fact still in dispute."

**{¶7}** A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶27. In deciding a motion for summary judgment, a court may only consider the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action * * *." *Erie Ins. Co. v. Stalder*, 114 Ohio App.3d 1, 4 (3d Dist.1996).

**{¶8}** The moving party bears the burden of establishing that summary judgment is proper. *Morris v. Ohio Cas. Ins. Co.*, 35 Ohio St.3d 45, 46-47 (1988). Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable

3

minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor."

{¶9} "[T]he moving party bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case," by pointing to evidentiary materials of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant fails to meet this initial burden, the motion for summary judgment must be denied. If, however, this initial burden is met, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Civ.R. 56(E).

{¶10} "To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the Note and Mortgage, or is a party entitled to enforce it; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgager is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due." *JPMorgan Chase Bank, Natl. Assn. v. Blank*, 11th Dist. Ashtabula No. 2013-A-0060, 2014-Ohio-4135, ¶14, citing *Wachovia Bank v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, ¶¶40-45.

{¶11} "'Where prior notice of default and/or acceleration is required by a provision in a Note or Mortgage instrument, the provision of notice is a condition precedent subject to Civ.R. 9(C).'" *Citimortgage, Inc. v. Hijjawi*, 11th Dist. Lake No. 2013-L-0105, 2014-Ohio-2886, ¶17, quoting *First Fin. Bank v. Doellman*, 12th Dist.

4

Butler No. CA2006-02-029, 2007-Ohio-0222, ¶20. Civ.R. 9(C) states: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."

{¶12} Citizens' complaint asserts, inter alia, that all conditions precedent to the foreclosure have been met. Alan DuChene filed an answer denying Citizen's compliance with the conditions precedent, specifically stating that no notice of acceleration was sent, in violation of the terms of the Mortgage. Nevertheless, in its motion for summary judgment, Citizens stated, "the entire unpaid principal and accrued interest due Plaintiff is immediately due and payable *without notice* or demand." (Emphasis added.) Steven DuChene filed a memorandum in opposition, stating Citizen's assertion that no notice is required directly conflicts with the terms of the Notes. Citizens does not attempt to reconcile their assertion with section 17 of the Mortgage, which states, in pertinent part:

{¶13} Lender shall give notice to [Borrower] prior to acceleration following any breach of covenant or agreement in this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to [Borrower], by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property.

{¶14} However, Citizens replied by attaching an affidavit attesting that notice was sent to Alan and Virginia DuChene and a copy of the certified mail confirmation, showing the notice was sent to the DuChenes at an address in Arcadia, Florida. Steven DuChene filed a sur-reply, without attaching any affidavits or evidence, specifically directing the court's attention to the conflicting mailing address between the Mortgage

5

and the certified mail receipt, and that the notice did not provide the full 30 days to correct the default as required by the terms of the Mortgage. We find this reply to be sufficiently specific to meet the requirements of Civ.R. 9(C). Therefore, we turn to the requirements of Civ.R. 56.

{¶15} Section 15 of the Mortgage provides, in pertinent part:

{¶16} [n]either [Borrower] nor Lender may commence, join, or be joined to any court action * * * that arises from the other party's actions pursuant to this Security Instrument or that allege that the other has not fulfilled any of its obligations under this Security Instrument, unless the other is notified (in the manner required under Section 12 of this Security Instrument) of the unfulfilled obligation and given a reasonable time period to take corrective action.

{¶17} Section 12 of the Mortgage, provides, in pertinent part:

{¶18} [s]ubject to Applicable Law, any notice to [Borrower] in connection with this Security Instrument is considered given to [Borrower] when mailed by first class mail or when actually delivered to [Borrower's] notice address if sent by other means. [Borrower's] notice address is the Property Address unless [Borrower] give[s] notice to Lender of a different address.

{¶19} The Property Address listed in the Mortgage is located in Hubbard, Ohio. As Steven DuChene points out, however, the notice was not mailed to the Property Address but to an address in Arcadia, Florida. The record indicates that Alan DuChene's niece, Roxana Jacobs, lives at the Florida address to which the notice was sent and that Ms. Jacobs was Alan DuChene's attorney in fact under a durable Power of Attorney; however, there is no indication, nor does Citizens argue, that the DuChenes ever provided Citizens or its predecessor with an alternate address to which notice were to be sent. It remains altogether unclear why the notice was sent to Arcadia, Florida instead of Hubbard, Ohio.

**{¶20}** Pursuant to Civ.R. 56, Citizens bears the initial burden of affirmatively demonstrating that DuChene has no evidence to support his assertion that a question of material fact remains. To that end, Citizens has provided a copy of the Notice and proof that it was sent to "Alan and Virginia DuChene" in Arcadia, Florida. However, we find that this evidence alone is insufficient to meet the initial burden required for a proper grant of summary judgment. On its face, the notice of acceleration does not comply with the terms of the Mortgage; it was not sent to the Property Address, as required by the Mortgage, and there is no explanation as to the deviation. Accordingly, the burden never shifted to DuChene to produce competent evidence showing there is a genuine issue for trial.

**{¶21}** Moreover, even if we assume Citizens met its initial burden and the burden shifted to Steven DuChene to produce competent evidence showing there is a genuine issue for trial, Citizens does not prevail. Generally, the nonmoving party's response must set forth specific facts by affidavit or as otherwise provided by Civ.R. 56. *Bank of New York Mellon v. Grund*, 11th Dist. Lake No. 2014-L-025, 2015-Ohio-466, ¶20. Moreover, "an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Here, however, Steven DuChene does not merely rest upon the allegations or denials of the pleadings, but instead points to documents that have already been authenticated by Citizens, i.e., the Note, Mortgage, and notice. Thus, Steven DuChene's response is sufficient to meet the nonmoving party's burden under Civ.R. 56.

7

**{¶22}** Citizens argues that "[i]t is, or at least should be, axiomatic that the intended purpose of any required notice should be delivery." We disagree; the purpose of a required notice is "to ensure fair dealing and give the maker opportunity to cure the default." *Wells Fargo Bank, N.A. v. Mayo*, 6th Dist. Erie No. E-16-007, 2018-Ohio-1432, ¶13. Delivery alone to an address at which the mortgagor is not expecting to receive such notice does not further these purposes. In this case, the parties agreed that the manner in which notice was to be provided was by mail to the Property Address, or as updated by the DuChenes. Simply arguing the notice was delivered to an address different to that specified in the Mortgage does not satisfy the question of whether the conditions precedent have been met. Without evidence that notice was mailed to the Property Address or that Alan or Virginia DuChene notified Citizens or its predecessor of an alternate address, a question of compliance with the conditions precedent remains, precluding summary judgment.

**{¶23}** Additionally, section 17 of the Mortgage states, in pertinent part: "Lender shall give notice to [Borrower] prior to acceleration following [Borrower's] breach of any covenant or agreement in this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure default; (c) a date, not less than 30 days from the date the notice is given to [Borrower], by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property."

**{¶24}** Citizens does not argue that the notice it mailed provided for 30 days to cure but argues that Steven DuChene's "interpretation" of the Mortgage language is

"hyper-technical and unpersuasive as Citizens complied with the spirit of the requirement." We are not so convinced. The language of the Mortgage leaves no room for ambiguity; the mortgagor is entitled to 30 days to cure.

{¶25} Considering both defects in notice, we find that when viewing the facts in the light most favorable to the non-moving party, reasonable minds could differ as to whether the mortgagors were provided with notice in accordance with the terms of the Notes and Mortgages and, thus, the required conditions precedent to a foreclosure action were not met. "[W]hen summary judgment is entered when a material fact remains to be tried, due process is violated." *Cragon v. Shinkle*, 11th Dist. Ashtabula No. 2016-A-0005, 2017-Ohio-617, ¶34, citing *Houk v. Ross*, 34 Ohio St.2d 77, 83-84 (1973). Since there remains a question of material fact, the trial court's granting of summary judgment was improper.

{¶26} Accordingly, Steven DuChene's assignment of error has merit.

{¶27} We also briefly address Citizens contention, raised for the first time on appeal, that Steven DuChene "has no basis to assert the arguments raised in this appeal." Citizens notes that Steven DuChene appeals only in his individual capacity, not as fiduciary for Alan DuChene, and argues these appeals are rendered moot as a result of the decedent or his fiduciary to assert these claims. This is, effectively, an argument challenging Steven DuChene's standing.

{¶28} While the Supreme Court of Ohio held in *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶22, that standing is a jurisdictional requirement, the Court subsequently clarified that standing relates to jurisdiction over a particular case, not subject matter jurisdiction. *Bank of Am., N.A. v. Kuchta*, 141 Ohio

9

St.3d 75, 2014-Ohio-4275, ¶23. Unlike a challenge to subject matter jurisdiction, a challenge to standing may not be brought at any time. *Id.*, at ¶15 (finding res judicata prevented the mortgagors from raising the issue of standing on appeal since it was not raised during foreclosure proceedings); *see also U.S. Bank v. Blank*, 11th Dist. Ashtabula No. 2014-A-0036, 2015-Ohio-1687, ¶17 (allegation that mortgagee did not have standing, raised for the first time on appeal, had no effect of the trial court's subject-matter jurisdiction.). Similarly, Citizens could have raised the question of Steven DuChene's standing in his individual capacity in the trial court as Steven DuChene has consistently responded as "Steven DuChene, an heir at law, [and] next of kin." Since it did not, however, Citizens is precluded from now raising a question of Steven DuChene's standing for the first time on appeal.

{¶29} In light of the foregoing, we reverse the judgment of the Trumbull County Court of Common Pleas and remand for further proceedings.

TIMOTHY P. CANNON, J.,

MARY JANE TRAPP, J.,

concur.

10