[Cite as *Bank of New York Mellon v. Roulston*, 2017-Ohio-8400.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104908

---

## BANK OF NEW YORK MELLON, ET AL.

PLAINTIFFS-APPELLEES

vs.

## THOMAS ROULSTON, III, ET AL.

DEFENDANTS-APPELLANTS

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-832602

**BEFORE:** Blackmon, J., Kilbane, P.J., and Stewart, J.
**RELEASED AND JOURNALIZED:** November 2, 2017

**ATTORNEYS FOR APPELLANTS**

Marc E. Dann
William C. Behrens
Emily White
The Dann Law Firm Co., L.P.A.
P.O. Box 6031040
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEES**

**For Bank of New York Mellon**

Ryan F. Hemmerle
John Rollin Tarter
Carrie L. Davis
Reisenfeld & Associates
3962 Red Bank Road
Cincinnati, Ohio 45227

Gregory A. Stout
Reisenfeld & Associates
8050 Hosbrook Road, Suite 107
Cincinnati, Ohio 45236

J. P. Morgan Chase Bank, NA
f.k.a. Citizens Bank
1111 Polaris Parkway
Columbus, Ohio 43240

**For Skoda Minotti Company**

Robert B. Weltman
Weltman Weinberg & Reis Co., L.P.A.
323 W. Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

**For Nottinghill Investment Advisers, Ltd.**

Bradley D. McPeek
Lindhorst & Dreidame Co., L.P.A.
312 Walnut Street, Suite 2300
Cincinnati, Ohio 45202

**Also Listed**

State of Ohio, Dept. of Taxation
150 East Gay Street, 21st Floor
Columbus, Ohio 43215

Thomas Roulston, III
3615 Superior Avenue, East
Cleveland, Ohio 44114

PATRICIA ANN BLACKMON, J.:

**{¶1}** Christine L. King-Roulston ("Christine") appeals from the trial court's granting summary judgment to The Bank of New York Mellon[1] ("BONY") in this foreclosure case and assigns the following error for our review:

> I. The trial court erred by granting a judgment of foreclosure based upon unreliable and unauthenticated hearsay evidence that did not qualify under the business records exception.

**{¶2}** Having reviewed the record and pertinent law, we reverse and remand to the trial court. The apposite facts follow.

**{¶3}** On October 26, 2006, Thomas Roulston, III ("Thomas") executed a note with Countrywide Home Loans, Inc. ("the Note") for $800,000, plus interest. As security for the Note, Thomas and his wife Christine executed a mortgage on property located at 3950 Waterford Court in Beachwood, Ohio. Subsequently, the Note was endorsed to BONY. On May 1, 2010, Thomas defaulted on the note. On August 9, 2011, the mortgage was assigned to BONY by Mortgage Electronic Registration Systems, Inc. ("MERS"). On February 10, 2012, notice of default on the mortgage was sent to Thomas, and on October 10, 2013, notice of default on the mortgage was sent to Christine.

---

[1] Plaintiff's full name is The Bank of New York Mellon, f.k.a. The Bank of New York, as Trustee for the Certificate Holders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-24.

**{¶4}** On September 11, 2014, BONY filed a foreclosure complaint against Thomas, Christine, and various alleged lien holders claiming an interest in the property. The complaint alleged that Thomas owed $892,400.08, plus 4.5% interest per annum from April 1, 2010, and various fees on the Note.

**{¶5}** On June 20, 2016, the magistrate issued a decision granting BONY'S summary judgment motion, and on August 8, 2016, the court issued an order adopting this decision. It is from this order that Christine timely appeals.

## Summary Judgment

**{¶6}** Appellate review of granting summary judgment is de novo. Pursuant to Civ.R. 56(C), the party seeking summary judgment must prove that (1) there is no genuine issue of material fact; (2) they are entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Furthermore, to support summary judgment motions, "sworn or certified" documents may be submitted, accompanied by an affidavit, which "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E).

**{¶7}** Once the movant satisfies this burden, it shifts to the opposing party, who "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *Id.*

**{¶8}** To succeed in a foreclosure action, a plaintiff must present evidence that: (1) it is the holder of the note and mortgage or otherwise entitled to enforce the note and mortgage; (2) the borrower is in default; and (3) the conditions precedent of the mortgage and note have been met. Additionally, the plaintiff must show the amount of principal and interest due. *See HSBC Bank USA, N.A. v. Surrarrer*, 8th Dist. Cuyahoga No. 100039, 2013-Ohio-5594, ¶ 16.

### Admissibility of Evidence

**{¶9}** "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." *State v. Sage*, 31 Ohio St.3d 173, 180, 510 N.E.2d 343 (1987). Generally, hearsay is inadmissible unless it falls under one of the exceptions in Evid.R. 803. The hearsay exception at issue in the case at hand concerns business records, which are admissible under the following standard:

> A memorandum, report, records, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Evid.R. 803(6).

{¶10} On appeal, Christine argues that the loan payment records at issue are "flagged as unreliable by the business that produced them, and * * * authenticated by an individual without sufficient personal knowledge of the record-keeping system through which they were created." BONY, on the other hand, argues that it submitted documentary evidence, along with an affidavit from a representative of loan servicer Specialized Loan Servicing, L.L.C. ("SLS"), consisting of the note, the mortgage, the assignment, the payment history showing default, and notice of default letters. BONY further argues that this evidence is unchallenged and sufficient under Civ.R. 56.

{¶11} Christine's first argument is that the payment records BONY submitted are unreliable, because the following notice is on one of the pages:

> Bank Of America Home Loans provides you with detailed reports under the terms of your agreement with it. In contrast, the information provided herein is in a user friendly summary format and should not [be] considered as a report. Among other things, the information may be incomplete, may not provide sufficient detail for your own reporting or audit purposes, may not be real time data, and therefore it should not be relied upon by you.

{¶12} In response, BONY argues that Christine failed to preserve this issue for appellate review by not objecting to it in the trial court. Our review of the summary judgment briefs filed in the trial court shows that this issue was not addressed. Christine challenged summary judgment on the basis that "the Affidavit of Cynthia Wallace was not made upon personal knowledge and failed to authenticate the necessary evidence for foreclosure."

{¶13} "A litigant's failure to raise an argument in the trial court waives the litigant's right to raise the issue on appeal." *Foster v. Wells Fargo Fin. Ohio, Inc.*, 195 Ohio App.3d 497, 2011-Ohio-4632, 960 N.E.2d 1022, ¶ 24 (8th Dist.). Therefore, Christine's argument that the Bank of America Home Loans records are unreliable is not properly before this court.

{¶14} We turn to Christine's argument that BONY's documents are unauthenticated, because Wallace did not have personal knowledge of the records. Wallace's affidavit states that she is an employee of SLS, the loan servicing agent for BONY. Wallace has "access to SLS's business records maintained in the ordinary course of regularly conducted business activity, including the business records for and relating to [Thomas's] loan." Wallace states that her affidavit is "based upon my review of those records relating to [Thomas's] loan and from my own personal knowledge of how they are kept and maintained."

{¶15} Wallace's affidavit further states that she also reviewed Christine's file and records from the previous servicer of the Note, Bank of America, including "the loss mitigation notes, correspondence, payment history, the original note, mortgage, assignment, and origination file." Wallace's affidavit fails to state that she has familiarity with Bank of America's record-keeping system.

{¶16} A witness authenticating records need not have personal knowledge of the creation of the document. *See State v. Davis*, 62 Ohio St.3d 326, 581 N.E.2d 1362 (1991). Rather, the witness must have personal knowledge of the record-keeping system

in which the documents were maintained. *See Hetzer-Young v. Precision Airmotive Corp.*, 184 Ohio App.3d 516, 2009-Ohio-5365, 921 N.E.2d 683, ¶ 43 (8th Dist.). More precisely as it relates to foreclosure cases, this court has held that the affidavit of a loan servicing agent may be sufficient to authorize loan documents. *See, e.g., Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 27; *United States Bank Natl. Assn. v. Turner*, 8th Dist. Cuyahoga No. 97935, 2012-Ohio-4592, ¶ 5.

**{¶17}** However, this does not mean that all employees of loan servicing companies qualify to testify as witnesses about another company's loan documents. In *Keeva J. Kekst Architects v. George*, 8th Dist. Cuyahoga No. 70835, 1997 Ohio App. LEXIS 2077 (May 15, 1997), this court held that the witness must show "that he or she is sufficiently familiar with the operation of the business and with the circumstances of the preparation, maintenance, and retrieval of the record in order to reasonably testify on the basis of this knowledge that the record is what it purports to be, and was made in the ordinary course of business." *See also Monroe v. Steen*, 9th Dist. Summit No. C.A. No. 24342, 2009-Ohio-5163, ¶ 14 (noting that merely receiving and retaining business records from another company does not necessarily demonstrate a "working knowledge of the specific record-keeping system that produced the document").

**{¶18}** Wallace works for SLS, which is the company that services BONY's loans, and Wallace's affidavit demonstrates that she is qualified to authenticate documents that SLS and BONY created and maintained, even if she was not the person who prepared these documents. Nothing in the record, nor in Wallace's affidavit, shows that she is

qualified to authenticate records created by Bank of America, or any company other than SLS and BONY, for that matter.

{¶19} Upon review, we find that there are genuine issues of material fact regarding the authentication of the evidentiary materials BONY submitted, because Wallace's affidavit is insufficient as to some of the documents it references. Accordingly, the court erred in granting summary judgment, and Christine's sole assigned error is sustained.

{¶20} Judgment reversed and remanded to the trial court for proceedings consistent with this opinion.

It is ordered that appellants recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR