[Cite as *LNV Corp. v. Kempffer*, 2020-Ohio-4527.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| LNV CORPORATION, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2019-G-0232** |
| - vs - | : | |
| BARBARA R. KEMPFFER, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 2019 F 000329.

Judgment: Affirmed.

*Darryl E. Gormley,* Reimer, Arnovitz, Chernek & Jeffrey Co., P.O. Box 39696, 30455 Solon Road, Solon, OH 44139; *Kyle E. Timken, Ann Marie Johnson, Angela D. Kirk, Matthew J. Richardson, Matthew P. Curry, Michael E. Carleton, Melissa N. Hamble* and *Jacqueline M. Wirtz,* Manley Deas Kochalski, LLC, P.O. Box 165028, Columbus, OH 43216 (For Plaintiff-Appellee).

*Grace M. Doberdruk,* Law Office of Grace M. Doberdruk, 2000 Auburn Drive, One Chagrin Highlands, Suite 200, Beachwood, OH 44122 (For Defendants-Appellants).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellants, Barbara and Timothy Kempffer, appeal the November 8, 2019 Judgment Entry of the Geauga County Court of Common Pleas granting summary judgment for appellee and foreclosing on certain property. For the reasons stated herein, the judgment is affirmed.

{¶2} On August 29, 2007, appellants, husband and wife, signed a promissory note (the "Note") in the amount of $137,000.00 secured by certain property, Parcel No. 10-062010 (the "Property"), as evidenced by a mortgage, signed the same day (the "Mortgage"). The initial lender was National City Mortgage, a division of National City Bank; in 2010, both the Note and Mortgage (collectively, the "Loan") were assigned to appellee, LNV Corporation ("LNV"). The Loan is serviced by MGC Mortgage Corporation, Inc. ("MGC"). On October 5, 2015, after appellants had apparently defaulted, appellants signed a Loan Modification Agreement (the "Modification Agreement") with appellee in which appellants expressly "waived and released any defense * * * to any and all acts, omissions or events occurring prior to the execution of this agreement."

{¶3} In May 2016, appellants again defaulted on the Loan. On May 13, 2016, MGC sent Barbara Kempffer a Notice of Default, giving her until June 22, 2016 to cure. Appellants subsequently made a partial payment in an amount insufficient to cure the default, as MGC notified them in a letter dated June 7, 2016. After appellants failed to cure, MGC sent appellants a Notice of Acceleration on July 7, 2016.

{¶4} Thereafter, however, MGC sent appellants a second Notice of Default dated August 15, 2016 and purported to give appellants until September 24, 2016 to cure. Appellants again sent a partial payment, which MGC returned in a letter dated August 24, 2016, stating "we are returning your funds because we have accelerated your loan and the payment received is insufficient to pay what is owed on the loan or, if applicable, reinstate the loan pursuant to the Notice of Acceleration previously sent to you."

{¶5}  LNV filed a complaint in foreclosure action against them on April 12, 2019 and moved for summary judgment on August 15, 2019, which the court ultimately granted. Appellants now appeal, assigning three errors for our review.

{¶6}  As each appellee relates to the trial court's award of summary judgment, we shall first set forth the proper standard for our analysis.  Appellate courts review summary judgment decisions de novo.  *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d, 102, 105 (1996).  Summary judgment should only be granted "if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Civ.R. 56(C).

{¶7}  To support a motion for summary judgment in a foreclosure action, "a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the Note and Mortgage, or is a party entitled to enforce it; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due."  *Citizens Bank, N.A., v. Duchene,* 11th Dist. Trumbull No. 2018-T-0085, 2019-Ohio-2972, ¶10, citing *JPMorgan Chase Bank, Nat'l Assn. v. Blank,* 11th Dist. Ashtabula No. 2013-A-0060 2014-Ohio-4135, ¶14.

{¶8}  The party moving for summary judgment bears the initial responsibility of showing there is no triable issue of fact.  *Morris v. Ohio Cas. Ins. Co.*, 35 Ohio St.3d 45, 47 (1988).  If the moving party does not meet its initial burden, then no duty arises on the part of the nonmoving party.  *Id.*  If, however, the moving party meets this burden, the

3

responsibility shifts to the nonmoving party to show a triable issue of fact. *Id.; Dresher v. Burt,* 75 Ohio St.3d 280 (1996). The nonmoving party must show evidence beyond mere allegations. Civ.R. 56(E); *Morris, supra.* All questions must be resolved in favor of the nonmoving party. *Grafton, supra.*

{¶9} Appellants' first assignment of error states:

{¶10} The trial court erred by granting appellee LNV Corporation's motion for summary judgment when all conditions precedent to foreclosure were not satisfied.

{¶11} Under this assignment of error, appellants argue that appellee failed to send compliant notices of default and acceleration prior to accelerating the Loan and filing this action. Particularly, appellants claim error in that the first Notice of Default, dated May 13, 2016, was not provided in appellee's initial motion for summary judgment, but was only provided in its reply to appellants' opposition and supplemental affidavits. Thus, appellants argued, the court erred in considering this notice in deciding the motion for summary judgment.

{¶12} Ignoring, then, what they purport to be an improperly considered notice of default dated May 13, 2016, appellants argue that the August 15, 2016 notice of default, as was attached to appellee's initial motion for summary judgment, was insufficient to establish that the condition precedent had been met prior to filing this action. Particularly, appellants argue that the August 15, 2016 letter gave them until September 24, 2016 to pay, but appellee returned their August 2016 payment stating "[w]e are returning your funds because we have accelerated your loan and the payment received is insufficient to pay what is owed on the loan…."

{¶13} Further, appellants argue the July 7, 2016 Notice of Acceleration failed to meet the requirements of Paragraph 22 of the Mortgage. They also assert error in that

4

the July 7, 2016 notice stated they "may" have the right to cure, instead of unequivocally stating they have the right to cure. In support, appellants cite *Fed. Natl. Mtge. Assn. v. Marroquin,* 477 Mass. 82, 89-90 (2017). Finally, appellants argue that the purported notice of acceleration was deficient for having been sent only to Barbara, and not Timothy, though both appellants are considered borrowers.

{¶14} Paragraph 22 of the Mortgage sets forth the requirements for notice prior to acceleration. Particularly, it requires appellee, prior to acceleration, to give appellants notice of:

> {¶15} (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure.

{¶16} Appellee asserts that the letters dated May 13, 2016 and August 15, 2016 by MGC meet these requirements. Appellants argue appellee inappropriately attempted to introduce new evidence and argument in its reply to appellants' opposition to the motion for summary judgment. This court, however, has held that an affidavit submitted with a reply brief seeking to clarify a matter previously raised did not constitute a new argument. *Deutsche Bank Natl. Tr. Co. v. Ayers*, 11th Dist. Portage No. 2019-P-0094, 2020-Ohio-1332, ¶48. Here, in appellee's initial motion for summary judgment, they asserted that all conditions precedent, including proper notice, had been met prior to filing the complaint in foreclosure. While appellee did not provide the May 13, 2016 notice of default in the initial motion, they provided the August 15, 2016 notice of default; when appellants filed

5

their reply and objected, appellee supplemented their motion and included the May 13, 2016 notice of default. This was not a new argument, however, as appellee was not stating for the first time in their reply that they met all conditions precedent, and the trial court did not err in considering it.

{¶17} Furthermore, "when a new argument is raised in a reply, the proper procedure is to strike the reply or, alternatively, to allow the opposing party to file a surreply." *Id.* at ¶49, citing *Hicks v. Cadle Co.,* 11th Dist. Trumbull No. 2014-T-0103, 2016-Ohio-4728, ¶18. Appellants failed to move to strike or for leave for file a surreply, and, thus, any objection to the consideration of such evidence has been waived. *See Ayers, supra,* at ¶50; *Lewis Potts, Ltd. v. Zordich,* 11th Dist. Trumbull No. 2018-T-0028, 2018-Ohio-5341, ¶42.

{¶18} Accordingly, we find no error on the part of the trial court for considering the May 13, 2016 notice of default. Moreover, upon review of the record, we find that the May 13, 2016 and August 15, 2016 notices were not deficient; both notices orderly and specifically provided the information required by Paragraph 22 of the Mortgage.

{¶19} In the remainder of their arguments, appellants ignore the May 13, 2016 notice of acceleration. Appellants contend that the August 15, 2016 notice gave them until September 24, 2016 to cure, but their returned payment notice, dated August 24, 2016, stated the loan had already been accelerated. In this regard, appellants argue that appellee prematurely accelerated the Loan.

{¶20} The May 13, 2016 notice stated appellants had until June 22, 2016 to cure, by paying in full the amount passed due. That notice stated that partial payments *may* be applied or held in suspense but will not be construed as a cure or waiver of appellee's

rights.  Appellee provided exhibits to show that appellants did not cure their default by June 22, 2016, but made a partial payment on June 7, 2016, which was unapplied to their balance owed.  Appellants failed to cure.  Thus, on July 7, 2016, appellee sent appellants a Notice of Acceleration, notifying them the Loan was accelerated as the default had not been cured.

{¶21}  Appellee explains the second notice of default stating, "[t]he only reasons that MGC sent these letters on two separate occasions were that the borrowers' partial payment of $1500 on June 16, 2016 was sufficient to advance the due date for their mortgage loan one month, from April 2016 to May 2016 and further MGC evidently acted out of an abundance of caution."  It notes that neither the Mortgage nor Ohio law required multiple notices of default if the borrower fails to cure after the first notice; accordingly, it argues, it had the right to accelerate on June 22, 2016, and properly did so as evidenced in its July 7, 2016 notice.

{¶22}  We agree; while the second notice of default may have stated appellants had until September 24, 2016 to cure, appellants had already been notified that the Loan had been accelerated.  Moreover, appellants did not at any point before or after September 24, 2016 cure the default but only provided a partial payment that, according to the terms of the Mortgage, appellee had the right to return.  Appellee was within its right to accelerate the Loan as it did in July 2016 and gave appellants multiple opportunities to cure before filing the action in foreclosure in April 2019.

{¶23}  Appellants also argue the July 7, 2016 Notice of Acceleration did not meet the requirements of Paragraph 22 of the Mortgage.  This argument is without merit; the July 7, 2016 notice did not have to meet the requirements of Paragraph 22 as those

7

requirements govern the required notices of default prior to acceleration, which appellee complied with in its May 13, 2016 notice of default.

{¶24} Appellants also argue the July 7, 2016 notice of acceleration was flawed because it stated that appellants "may" have the right to reinstate after acceleration, instead of unequivocally stating that right, citing *Marroquin*. In *Marroquin,* the Supreme Judicial Court of Massachusetts held that use of the word "may," as opposed to unequivocal language, failed to strictly comply with the terms of the mortgage, thus rendering the notice insufficient. This court has recently rejected this argument, stating:

> {¶25} In addition to being nonbinding, we find *Marroquin* to be inapposite. Unlike in Ohio, Massachusetts permits foreclosure of mortgages by the exercise of a "power of sale" without "judicial oversight." *See id.* at 86, 74 N.E.3d 592. Because of that "substantial power," the lender must "strictly comply with the terms of a mortgage." *See id.* Apparently, the case on which *Marroquin* relies was decided by a bare majority and has not been followed outside of Massachusetts other than in Alabama. *See Aubee v. Selene Fin., LP*, D.R.I. No. 19-37WES, 2019 WL 7282019, *5 (Dec. 27, 2019). *Ayers, supra,* at ¶87.

{¶26} Finally, appellants' argument that Timothy Kempffer did not receive notice prior to acceleration is without merit. Paragraph 15 of the Mortgage states that "[n]otice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise." As appellants do not dispute that Barbara Kempffer received the May 13, 2016 and August 15, 2016 notices, any argument that appellee failed to meet a condition precedent in regard to notice to Timothy is without merit.

{¶27} Accordingly, appellants' first assignment of error is without merit.

{¶28} The second assignment of error states:

{¶29} The trial court erred by granting summary judgment when material issues of fact remained for trial[.]

8

{¶30} Under this assignment of error, appellants challenge the validity of the chain of mortgage assignments. However, the record shows that appellants signed a Loan Modification Agreement in which they expressly "waived and released any defense * * * to any and all acts, omissions or events occurring prior to the execution of this agreement" and which expressly named appellee as the lender. Appellee also notes that a few weeks before the case at bar the same trial court ruled that appellee was current holder of the borrowers' note and mortgage and attached a copy of that judgment entry to its motion for summary judgment. Appellants challenge this argument by arguing they were not made parties to that action.

{¶31} Preliminarily, we note that appellants were not necessary parties to the prior action. As this court has previously held, borrowers do not have standing to challenge mortgage assignments unless they are affected by the assignment. *U.S. Bank Nat'l Assn. v. Blank,* 11th Dist. Ashtabula No. 2014-A-0036, 2015-Ohio-1687, ¶12. Here, appellants do not argue that they were in any way affected by the assignment, nor is there any evidence to support such a claim.

{¶32} The trial court found that there was a mutual mistake in the execution and recording of the intervening assignment of mortgage to U.S. Bank; that this intervening assignment was never the intention of the parties; that recording is void; and that appellee was the current holder.

{¶33} Appellants expressly waived any and all defenses from actions or omissions occurring prior to the signing of the Loan Modification Agreement. The purported discrepancies that appellants point to occurred prior to the signing of the Loan Modification Agreement. Furthermore, the trial court had previously adjudicated the

9

matter of whether appellee was the owner of this particular loan and found that it was. For the trial court to find otherwise in this case would be to directly contradict its own prior holding. Accordingly, we cannot agree there was a question of material fact as to whether appellee was the owner of the Loan and entitled to bring this action.

{¶34} Accordingly, appellants' second assignment of error is without merit.

{¶35} Appellants' third assignment of error states:

{¶36} The trial court erred by granting appellee's motion for summary judgment because the affidavit of Victoria Wolff was not made on personal knowledge[.]

{¶37} Appellants argue that Victoria Wolff's affidavit was insufficient because she was relying on records from other services and she did not state that she had personal knowledge of the record-keeping systems of any servicer other than MGC Mortgage Corporation, Inc. In support, appellants cite *Bank of New York Mellon v. Roulston*, 8th Dist. Cuyahoga No. 104908, 2017-Ohio-8400. Appellants assert particular error in that without personal knowledge, the affiant could not authenticate when appellee obtained possession of the original note, where the note was stored, or whether the note had been transferred. These arguments, however, attempt to question whether appellee was a party entitled to enforce this Loan, a matter which, as discussed under the second assignment of error, appellants waived in the Loan Modification Agreement.

{¶38} They also argue that the affiant claimed appellee had possession of the original note on August 21, 2009, but the mortgage was not assigned to appellee until January 6, 2010; the affiant based her knowledge on a letter from Dovenmuehe Mortgage, Inc. ("DMI") in April 2017 that the note will be sent to appellants' attorneys; and that there were no properly authenticated records attached to the affidavit to establish custody of the original note.

{¶39} Pursuant to Civ.R. 56(E), in a motion for summary judgment "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." *Id.* "'[The] mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant create a reasonable inference that the affiant has personal knowledge of the facts in the affidavit.'" *Ayers, supra,* at ¶53, quoting *Merlo,* at ¶25.

{¶40} "[T]he witness must be sufficiently familiar with the operation of the business and with the circumstances of the record's preparation and maintenance that he or she can reasonably testify, on the basis of this knowledge, that the record is what it purports to be and that it was made in the ordinary course of business." *Ayers, supra,* at ¶54. However, there is no requirement that the affiant have firsthand knowledge of the transaction giving rise to the record. *Id.*

{¶41} This court recently addressed the application of *Roulston* to similar circumstances in *Ayers.* There, this court noted that this court has not adopted the *Roulston* holding and that the Eighth District subsequently narrowed its *Roulston* holding. Instead, this court has consistently held that "an employee of a loan servicer had the requisite personal knowledge about the material for which he averred by stating his personal knowledge was based on his position and that he personally reviewed the loan servicer's regularly kept business records." *See Ayers,* at ¶57; *Portage Cty. Commrs. v. O'Neil,* 11th Dist. Portage No. 2013-P-0066, 2015-Ohio-808, ¶17-18; *U.S. Bank Natl. Assn. v. Martz*, 11th Dist. Portage No. 2013-P-0028, 2013-Ohio-4555, ¶25.

11

{¶42} Furthermore, in both the original and supplemental affidavits, Ms. Wolff expressly attested to having "personal knowledge of and [being] familiar with the record keeping system of LNV Corporation and MGC." While the answers to interrogatories had previously shown that DMI was MGC's subservicer, in her supplemental affidavit, Ms. Wolff clarified that she also has personal knowledge of how records are kept and maintained by MGC's subservicer, DMI. She also stated she had access to and reviewed appellants' Loan records, which she attested were made "at or near the time of the event and by or from information transmitted from a person with knowledge." Additionally, she testified that she "personally reviewed and independently verified the accuracy of the factual information included in this affidavit through my review of the aforementioned business records." She attested that true and accurate copies were attached to her affidavit, that appellants were in default, and the amount of default.

{¶43} Thus, appellee presented sufficient evidence to create a reasonable inference that Ms. Wolff's affidavit was based on personal knowledge and the burden shifted to appellants to present evidence demonstrating the affidavit was not based on personal knowledge. Appellants did not meet this burden but merely stated in a conclusory fashion that Ms. Wolff did not have personal knowledge and that the affidavits contradicted one another.

{¶44} No contradiction is apparent from the record. Ms. Wolff expressly stated her affidavit was based on personal knowledge. She attached copies of the business records to which she refers to her affidavits, and attested the records were "true and accurate copies" of the originals. Accordingly, appellants' third assignment of error is without merit.

12

{¶45} In light of the foregoing, the judgment of the Geauga County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.