[Cite as *Citizens Bank, N.A. v. Estate of Duchene*, 2021-Ohio-2547.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| CITIZENS BANK, N.A., f.k.a. RBS CITIZENS, N.A., f.k.a. CITIZENS BANK, N.A., SBMT CHARTER ONE BANK, N.A., et al., | CASE NO. 2020-T-0082 |
| Plaintiffs-Appellees, | Civil Appeal from the Court of Common Pleas |
| - v - | |
| THE ESTATE OF ALAN F. DUCHENE BY AND THROUGH ITS ADMINISTRATOR STEVEN A. DUCHENE, et al., | Trial Court No. 2019 CV 01805 |
| Defendants-Appellants. | |

# **O P I N I O N**

Decided: July 26, 2021
Judgment: Affirmed.

*Johna M. Bella*, Goranson, Parker & Bella, 405 Madison Avenue, Suite 2200, Toledo, OH 43604 (For Plaintiffs-Appellees).

*Bruce M. Broyles*, 134 North Columbus Street, Lancaster, OH 43130 (For Defendants-Appellants).

THOMAS R. WRIGHT, J.

{¶1}    Steven A. DuChene ("DuChene"), individually and as administrator of the Estate of Alan F. DuChene, appeals the trial court's entry granting summary judgment in favor of Citizens Bank, N.A., et al. ("Citizens"), on its complaint of foreclosure against the DuChene Estate.  The judgment is affirmed.

{¶2} In 2005 and 2006, Duchene's parents, Alan and Virginia DuChene, both now deceased, executed two promissory notes with Citizens secured by two mortgage agreements for a residential property located at 410 Warner Road in Hubbard, Ohio. As a result of non-payment, Citizens filed this action on November 18, 2019, for judgment on the promissory notes and to foreclose the security interest on the property. DuChene, in his individual capacity and as administrator of the DuChene Estate, answered the complaint.

{¶3} Citizens moved for summary judgment on March 17, 2020. DuChene responded in opposition to the motion, asserting Citizens is not entitled to foreclose due to its failure to provide proper notice of acceleration as required by the terms of the mortgage. The trial court granted Citizens leave to file a reply and supplement to its motion, which it filed August 31, 2020. Citizens attached an affidavit of counsel and copy of a notice of acceleration that was sent to the property address on August 21, 2019.

{¶4} On September 30, 2020, the trial court granted summary judgment in favor of Citizens, concluding Citizens demonstrated it complied with the notice of acceleration requirements, and entered a decree in foreclosure and order of sale. From the entry of summary judgment, DuChene asserts one assignment of error:

{¶5} "The trial court erred in considering the new argument raised in the reply brief and the affidavit of counsel."

{¶6} An appellate court reviews decisions awarding summary judgment de novo, i.e., independently and without deference to the trial court's decision. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶ 27.

2

{¶7} Summary judgment is appropriate only when "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977), citing Civ.R. 56(C). The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant fails to meet this burden, the motion for summary judgment must be denied. *Id.* If, however, this initial burden is met, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).

{¶8} "To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the Note and Mortgage, or is a party entitled to enforce it; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgager is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due." *JPMorgan Chase Bank, Natl. Assn. v. Blank*, 11th Dist. Ashtabula No. 2013-A-0060, 2014-Ohio-4135, ¶ 14, citing *Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, ¶ 40-45.

{¶9} "'Where prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent subject

3

to Civ.R. 9(C).'" *CitiMortgage, Inc. v. Hijjawi*, 11th Dist. Lake No. 2013-L-105, 2014-Ohio-2886, ¶ 17, quoting *First Fin. Bank v. Doellman*, 12th Dist. Butler No. CA2006-02-029, 2007-Ohio-222, ¶ 20.  Civ.R. 9(C) states: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred.  A denial of performance or occurrence shall be made specifically and with particularity."

{¶10}  Citizens asserted in its complaint that all conditions precedent to foreclosing the liens had been met.  In its motion for summary judgment, with respect to each note, Citizens stated: "In accordance with the terms of the note, the entire unpaid principal and accrued interest is immediately due and payable without notice or demand."

{¶11}  In his answer, DuChene denied that Citizens had complied with all conditions precedent, specifically asserting that Citizens failed to provide notice of acceleration as required by the promissory notes' "Uniform Secured Instrument" provisions referring to the mortgage and its notice provisions, including the notice of acceleration under paragraph 17 of the mortgage.  DuChene again cited to this provision in his response in opposition to summary judgment, arguing Citizens made no attempt to demonstrate that it complied with this notice requirement.  DuChene further "anticipated" that Citizens would file a reply in support of its motion for summary judgment, attach a document, and assert it is a notice of acceleration sent in compliance with paragraph 17 of the mortgage.  DuChene argued that if, in this anticipated reply, Citizens claims that it complied with the notice of acceleration requirement, after its motion was premised on the assertion that no such notice was required, Citizens would be "rais[ing] a new issue" to which the trial court should then allow him to respond.

4

{¶12}  Citizens moved for leave to file a reply memorandum in support and to supplement its motion for summary judgment "in order to address arguments raised by Defendants in their opposition memorandum."  The trial court granted the motion approximately one month later, with no opposition from DuChene in the interim.

{¶13}  Citizens directed the court to the language of paragraph 17 of the mortgage, which is also attached to its complaint:

> **Lender's Rights if Borrower Fails to Keep Promises and Agreements**.  * * * upon my breach of any covenant or agreement in this Security Instrument, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Security Instrument. Lender may do this without making any further demand for payment. This requirement is called "acceleration" or "Immediate Payment in Full."
>
> Lender shall give notice to me prior to acceleration following my breach of any covenant or agreement in this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to me, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. * * *

Citizens additionally provided an affidavit of counsel, which avers that notice of acceleration was sent by certified and ordinary mail on August 21, 2019, and that receipt was acknowledged by DuChene's counsel in correspondence dated August 29, 2019; copies of the notice and acknowledgment were attached.

{¶14}  Citizens did not raise a new issue in the reply brief, as it was not the first time it stated that all conditions precedent had been met.  And this court has held that "an affidavit submitted with a reply brief seeking to clarify a matter previously raised did not

5

constitute a new argument." *LNV Corp. v. Kempffer*, 2020-Ohio-4527, 159 N.E.3d 303, ¶ 16 (11th Dist.), citing *Deutsche Bank Natl. Trust Co. v. Ayers*, 2020-Ohio-1332, 153 N.E.3d 452, ¶ 48 (11th Dist.). Additionally, and somewhat divergent from DuChene's argument, Citizens' contention was that notice of *default* was not required before immediate payment of the unpaid amount became due, and that notice of *acceleration* of the debt following default had been properly provided.

{¶15} Furthermore, even assuming it was a new issue raised, DuChene did not oppose Citizens' motion for leave to file a reply and supplement, did not move to strike the documents, did not file a reply to the supplement, and did not request leave to file a surreply. For this reason alone, the trial court was permitted to consider the contents of the reply brief, and DuChene has forfeited any argument to the contrary. *LNV Corp.* at ¶ 17 ("Appellants failed to move to strike or for leave [to] file a surreply, and, thus, any objection to the consideration of such evidence has been waived."); *see also Millstone Condos. Unit Owners Assn. v. 270 Main St.,* 11th Dist. Lake No. 2011-L-078, 2012-Ohio-2562, ¶ 62 ("Improper summary judgment evidence may be considered by a trial court *if no objection is made to it.*" (Emphasis sic.)); *Lewis Potts, Ltd. v. Zordich*, 11th Dist. Trumbull No. 2018-T-0028, 2018-Ohio-5341, ¶ 42 ("In these circumstances, we conclude any objection to the trial court considering such evidence has been waived.").

{¶16} DuChene's sole assignment of error is without merit.

{¶17} Finally, and briefly, Citizens' argument that the appeal was filed by DuChene solely in his individual capacity, and should therefore be dismissed for lack of standing, is not well taken.

Case No. 2020-T-0082

{¶18} The judgment of the Trumbull County Court of Common Pleas is affirmed.


MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.

7