[Cite as *LNV Corp. v. Kempffer*, 2022-Ohio-3480.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| LNV CORPORATION,<br><br>       Plaintiff-Appellee,<br><br>- vs -<br><br>BARBARA R. KEMPFFER, et al.,<br><br>       Defendants-Appellants. | CASE NO. 2021-G-0036<br><br>Civil Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2019 F 000329 |

**O P I N I O N**

Decided: September 30, 2022
Judgment: Affirmed

*Matthew J. Richardson,* Manley Deas Kochalski, LLC, 1555 Lake Shore Drive, Columbus, OH 43204, and *Angela D. Kirk, Matthew P. Curry, Ann Marie Johnson, Michael E. Carleton, Carla M. Allen, Justin M. Ritch, Richard J. Sykora and Kyle E. Timken,* Manley Deas Kochalski, LLC, P.O. Box 165028, Columbus, OH 43216 (For Plaintiff-Appellee).

*Grace M. Doberdruk,* 2000 Auburn Drive, Suite 200, Beachwood, OH 44122 (For Defendants-Appellants).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellants, Barbara R. and Timothy Kempffer, appeal from the judgment of the Geauga County Court of Common Pleas denying their motion to vacate a judgment of foreclosure, filed pursuant to Civ.R. 60(B)(5), entered in favor of appellee, LNV Corporation. The underlying matter was adjudicated without a hearing. At issue is whether the trial court erred in failing to hold a hearing and whether the court's substantive judgment denying the motion was erroneous. We affirm.

**{¶2}** Appellants, a husband and wife, originally signed a promissory note, secured by certain real property, evidenced by a mortgage in the amount of $137,000. The note and the mortgage were eventually assigned to appellee. In October 2015, after appellants had apparently defaulted, they signed a loan modification agreement with appellee. In May 2016, appellants again defaulted on the loan and appellee's loan servicer, MGC Mortgage Corporation, Inc. ("MGC") sent Barbara Kempffer a notice of default, giving her until June 22, 2016 to cure. Appellants made partial payment in an amount insufficient to cure the default. MGC notified appellants, via a June 7, 2016 letter, that the amount was insufficient to cure the default and, as a result, MGC sent appellants a notice of acceleration on July 7, 2016.

**{¶3}** Subsequently, MGC sent appellants a second notice of default dated August 15, 2016 which purported to give them until September 24, 2016 to cure. Appellants again sent a partial payment which MGC returned. In a letter dated August 24, 2016, MGC stated "we are returning your funds because we have accelerated your loan and the payment received is insufficient to pay what is owed on the loan or, if applicable, reinstated the loan pursuant to the Notice of Acceleration previously sent to you."

**{¶4}** Appellee filed a complaint in foreclosure in April 2019 and subsequently moved for summary judgment. The court granted the motion and appellants appealed. In *LNV Corporation v. Kempffer*, 11th Dist. Geauga No. 2019-G-0232, 2020-Ohio-4527, this court affirmed the trial court's entry of summary judgment.

**{¶5}** After this court affirmed the trial court's entry of summary judgment, the Supreme Court of Ohio declined to hear appellant's jurisdictional appeal. On October 1,

2

2021, the underlying property was sold. Appellants moved to set aside the sale which was denied.

**{¶6}** On October 26, 2021, appellants filed the underlying Civ.R. 60(B) motion. In support, appellants attached servicing notes to their motion from a separate mortgage servicing company, Dovenmuehle Mortgage, that stated "DEMANDS ARE NEEDED ONLY SENT TO BARBARA MGC ACCT REBREACH ALL MTGRS." (Emphasis and text sic.)[1] The servicing notes from Dovenmuehle are dated August 12, 2016. According to appellants, because the Dovenmuehle servicing notes suggest it did not *believe* the May 2016 default notice was valid, new demand letters were necessary. As a result, appellants asserted the July 2016 acceleration notice was invalid.

**{¶7}** Further, appellants argued that the supplemental affidavit of one Victoria Wolff fka Victoria Bressner, an "authorized signer" for appellee filed in support of appellee's foreclosure action, was inconsistent with information in her original affidavit. Specifically, the original affidavit did not include averments regarding the May 2016 notice of default, while the supplemental affidavit did. Also, the original affidavit indicated that notice of acceleration was sent in July 2016, but then averred that a notice of default was sent subsequently, in August 2016. Although the supplemental affidavit stated the August notice was a second notice of default, appellants asserted the affidavits were inconsistent. In their view, if appellee actually accelerated the mortgage in July 2016, then, appellants argued, it would be inconsistent to send a notice of default in August 2016.

---

1. It is not entirely clear the role Dovenmuehle Mortgage played in servicing appellants' mortgage. Appellees seem to concede that Dovenmuehle was a separate sub-servicing company it employed, however. And the exhibit of Dovenmuehle's servicing notes do indicate that its records involve "Loan Activity – All Notes 4/1/10 – 3/17/2017" and include "Kempffer, Barbara R." as the "Borrower Name."

3

{¶8} Appellant asserted that the claimed invalid notice and alleged inconsistencies in the representations of appellee's agents justified a hearing as well as relief from judgment under Civ.R. 60(B).

{¶9} Appellee duly opposed the motion asserting appellants' arguments are barred by res judicata because they either were or could have been asserted in defense of the merits of its complaint in foreclosure. Appellee alternatively argued that irrespective of the applicability of the doctrine of res judicata, appellants failed to meet the necessary elements for relief from judgment under Civ.R. 60(B).

{¶10} The trial court denied the motion without a hearing and this appeal follows. Appellants' two assigned errors provide:

{¶11} "[1.] The trial court abused its discretion by denying appellants Barbara and Timothy Kempffer's motion to vacate without holding a hearing.

{¶12} "[2.] The trial court abused its discretion by denying appellants Barbara and Timothy Kempffer's motion to vacate the judgment of foreclosure when appellants presented the meritorious defense that their loan had not been properly accelerated, appellants had grounds for relief under 60(B)(5) based on the mortgage servicer's records regarding improper acceleration, and the motion was timely filed."

{¶13} To prevail on a motion brought under Civ.R. 60(B), the moving party must show that: (1) he or she has a meritorious defense or claim to present if relief is granted; (2) he or she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or

4

proceeding was entered or taken. *GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146, 150-151 (1976).

{¶14}   Civ.R. 60(B) provides parties with an equitable remedy requiring a court to revisit a final judgment and possibly grant relief from that judgment in the interest of justice. *In re Edgell,* 11th Dist. Lake No. 2009-L-065, 2010-Ohio-6435, ¶53. Civ.R. 60(B) is a curative rule that is designed to be liberally construed with the focus of reaching a just result. *Hiener v. Moretti,* 11th Dist. Ashtabula No. 2009-A-0001, 2009-Ohio-5060, ¶18.   Further, Civ.R. 60(B) is viewed as a mechanism to create a balance between the need for finality and the need for "fair and equitable decisions based upon full and accurate information."  *In re Whitman,* 81 Ohio St.3d 239, 242 (1998).

{¶15}   The decision of whether to grant relief under Civ.R. 60(B) is entrusted to the sound discretion of the trial court. *Whitman, supra,* at 242. Accordingly, we review the decision of the trial court for an abuse of discretion. *Id.* An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler,* 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶16}   Appellants filed their motion pursuant to Civ.R. 60(B)(5), which states that relief may be granted for "any other reason justifying relief from the judgment." Civ.R. 60(B)(5) is a catch-all provision, which reflects "the inherent power of a court to relieve a person of the unjust operation of a judgment." *Smith v. Smith,* 8th Dist. Cuyahoga No. 83275, 2004-Ohio-5589, ¶16.

{¶17} Appellants' arguments, as outlined above, assert they were given inadequate notice of the default (by virtue of the Dovenmuehle servicing notes indicating

5

*all* mortgagors receive notice) and thus appellee's acceleration was improper. And they claim that the affidavits submitted by appellee's agent were inconsistent and prejudicial.

{¶18} Initially, it is undisputed that only Barbara Kempffer was issued a notice of the default in May 2016. This issue was addressed in our opinion in *Kempffer*, *supra*. Specifically, this court concluded appellants' argument that appellee's failure to provide Timothy Kempffer with written notice prior to acceleration did not affect the validity of the notice. This court observed that the mortgage specifically provided that "'[n]otice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise.'" Because there was no dispute that Barbara Kempffer received notice and there was no ostensible "Applicable Law" requiring otherwise, notice was sufficient. *Id.* at ¶26.

{¶19} With this in mind, Dovenmuehle's "belief" that additional notice was necessary is of no moment. Perhaps the sub-servicing company had an internal policy of issuing notice of default to all mortgagors. Even if this is or was the case, any such policy would not supersede the plain language of the mortgage agreement, let alone justify relief from the trial court's original judgment, which was premised upon appellants default on the mortgage. We fail to see how the servicing notes would rise to the level of a meritorious defense.

{¶20} Moreover, Dovenmuehle's servicing notes are dated "4/1/2010 – 3/17/2017." There is no indication the notes were somehow hidden or inaccessible. Hence, the notes were available to appellants at the time appellee filed the foreclosure action in 2019. In this respect, appellants could have obtained the notes and attempted to utilize them (even though, as discussed above, they would have no discernable weight

6

as a defense appellee's action) in defense of the foreclosure proceeding. Consequently, appellants' argument relying on the Dovenmuehle notes is res judicata.

{¶21} Next, appellants' contention that appellee's authorized signer's initial and supplemental affidavits are inconsistent lacks merit. When read together, the supplemental affidavit merely clarifies the timeline as it relates to the foreclosure process. The original affidavit did not specify when the notice of default was sent to Barbara Kempffer. The supplemental affidavit stated the notice was sent to Barbara Kempffer on May 13, 2016. Further, the original affidavit stated that notice of default was sent to appellants "around August 15, 2016." The supplement affidavit clarified that a *second* notice of default was sent on August 15, 2016. Although the supplemental affidavit adds factual averments not specified in the original affidavit, we fail to see how the two instruments are inconsistent or contradict one another.

{¶22} Regardless of the foregoing point, both affidavits were obviously available (and were filed in support of) the foreclosure action. And, although appellants may not have fully argued its points regarding the purported inconsistencies as a defense to the foreclosure complaint, they could have. In this respect, this argument is res judicata.

{¶23} It is also worth pointing out that, in *Kempffer*, *supra*, this court determined that appellee met all necessary conditions precedent to issue its notice(s) of default and properly accelerated the mortgage. In relation to this point, this court explained that the May 2016 notice of default, which appellants failed to sufficiently cure, triggered appellee's right to accelerate the loan in June 2016. As a result, the July 2016 notice of acceleration was appropriate and, even though appellee sent additional notices, nothing in Ohio law required multiple notices of default where a borrower fails to cure after the

7

first notice. *Id.* at ¶21 and 22. It would consequently appear that this court fully addressed the issue of appellee's management of the pre-foreclosure process and held appellants received all the necessary process to which they were entitled.

{¶24} In light of the above, we hold that appellants have failed to set forth a meritorious defense. Moreover, they have failed to set forth any reason that would justify the exercise of this court's "inherent power" to relieve an injustice pursuant to Civ.R. 60(B)(5). Because they have failed to meet these two necessary prongs, they are not entitled to relief from judgment. In addition, because the materials submitted by appellants failed to set forth operative facts demonstrating relief might be warranted, the trial court was not required to hold a hearing before denying appellant's motion for relief. *See, e.g., Gaines & Stern Co., L.P.A. v. Schwarzwald, Robiner, Wolf and Rock Co., L.P.A.*, 70 Ohio App.3d 643, 646 (8th Dist.1990) ("If * * * the material submitted by the movant does not provide operative facts which demonstrate that relief is warranted, the trial court may deny the [Civ.R. 60(B)] motion without holding a hearing.") We accordingly hold the trial court did not abuse its discretion in denying appellants' Civ.R. 60(B)(5) motion without a hearing.

{¶25} Appellants' assignments of error are without merit.

{¶26} For the reasons discussed in this opinion, the judgment of the Geauga County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.

8

Case No. 2021-G-0036